IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF EDUCATION OF THE HIGHLAND LOCAL SCHOOL DISTRICT, | : : : | |
| Plaintiff, | : : | Case No. 2:16-CV-524 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | : : : | Magistrate Judge Kimberly A. Jolson |
| Defendants. | : : | |

## **OPINION & ORDER**

This matter is before the Court on the Motions of Jane Doe, Joyce Doe, and John Doe to Intervene as Third-Party Plaintiffs and to Proceed Pseudonymously. (Docs. 15, 16.) Plaintiff Board of Education of the Highland Local School District (the "School District") opposes the Motion to Intervene. (Doc. 24.) The State of Ohio has also filed a Motion for Leave to File an Amicus Brief in Support of the School District's Motion for Preliminary Injunction. (Doc. 11.) The Court **GRANTS** the three motions.

### I.  BACKGROUND

Proposed Intervenor, Jane Doe, is an eleven-year-old transgender girl who attends Highland Elementary School in the Highland Local School District. (Proposed Intervenor Compl., Doc. 15-1 at ¶ 1.) She alleges that the School District has treated her differently than other girls, leading to Jane's bullying and humiliation by teachers, staff, and other students. (*Id.*) In December 2013, Jane's legal guardian, Joyce Doe, filed a complaint with the Defendant United States Department of Education's Office for Civil Rights ("OCR"). (*Id.* at ¶ 72.) The complaint alleged that Highland discriminated against Jane on the basis of her sex by requiring

1

her to use a separate gender-neutral bathroom and denying her access to the same bathrooms used by other female students. (*Id.*) OCR later amended the complaint to include an additional allegation, namely that school staff members subjected Jane to harassment and the School District failed to respond appropriately when staff members were informed of incidents of other students' harassment of Jane. (*Id.* at ¶ 73.) On March 29, 2016, OCR notified Highland that it had concluded that Highland's treatment of Jane was in violation of Title IX regulations.[1] (*Id.* at ¶ 75.)

On June 10, 2016, the School District commenced this lawsuit, alleging that Defendants' actions violated: (1) the Administrative Procedure Act; (2) the Spending Clause of Article I, Section 8 of the United States Constitution; (3) the federalism guarantees of the United States Constitution; (4) the separation-of-powers guarantees in the United States Constitution; and (5) the Regulatory Flexibility Act. (Compl., Doc. 1 at ¶¶ 132-247.) On July 15, 2016, the School District filed a motion for a preliminary injunction, seeking to enjoin enforcement of the offending regulations. (Doc. 10.) Six days later, Jane Doe and her legal guardians moved to intervene in this suit as Third-Party Plaintiffs (Doc. 15), bringing claims against Plaintiff/Third-Party Defendant Board of Education of the Highland Local School District for violations of: (1) her Fourteenth Amendment right to equal protection of the laws; (2) her right to be free from sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*; and (3) her fundamental right to privacy under the United States Constitution. (Doc. 15-1 at ¶¶ 78-108.) The Does also moved for leave to proceed pseudonymously. (Doc. 16.)

---

[1] The parties dispute whether the joint letter issued to schools by the Departments of Education and Justice on May 13, 2016, as well as other documents issued by OCR regarding transgender students, constitute a new legislative rule or merely guidance. The Court issues no decision on the merits of that dispute at this time.

Plaintiff opposes the motion for intervention as of right and for permissive intervention. (Doc. 24.)  Defendants assert that they are able to represent Jane Doe's interests adequately in defending the Government's interpretation of Title IX, but they take no position on her request for permissive intervention and do not oppose her request to intervene as of right insofar as it relates to her proposed third-party claims and the individual remedies she seeks.  (Doc. 25 at 1.) No party opposes the motion for leave to proceed pseudonymously.

## II.     MOTION TO INTERVENE

The Does move for intervention as of right under Federal Rule of Civil Procedure 24(a) and, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b).

### A.  Rule 24(a) Intervention

Federal Rule of Civil Procedure 24(a) entitles a party, on timely motion, to intervene as of right who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A court must grant intervention as of right if a prospective intervenor shows that: (1) her motion is timely;[2] (2) she maintains a substantial legal interest in the subject matter of the case; (3) her interest may be impaired in her absence; and (4) the existing parties cannot adequately protect her interest.  *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir.

---

[2] Plaintiff appears to concede that the motion to intervene is timely, and given that it was filed within a few weeks of the commencement of the action, before the start of discovery, and before the briefing on the motion for preliminary injunction hearing is complete, the Court agrees.  *See Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (finding timeliness element satisfied where the intervention motion was filed two weeks after the complaint and no party argued untimeliness).

3

2007); *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).  Judicial economy favors the disposition of related issues and claims in a single suit.  *See Jansen v. City of Cincinnati*, 904 F.2d 336, 339-340 (6th Cir. 1990).  As such, Rule 24 should be construed in favor of intervention.  *See Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (noting that the Sixth Circuit subscribes to "a rather expansive notion of the interest sufficient to invoke intervention of right").  But the Court must balance these considerations against the public's and the litigants' interest in the expedient resolution of claims, which militates against measures such as the joinder of intervenors that increase the complexity and cost of a suit.  *See Jansen*, 904 F.2d at 339-40.

Asserting that her "daily reality at Highland Elementary is a gauntlet of humiliation and harassment," Jane moves to intervene in this action in order to protect her interest in challenging the School District's bathroom policy and differential treatment of her compared to other girls.  (Doc. 15 at 2, 7.)  Plaintiff urges the Court to view Jane's interest in this case as two separate interests based on two types of claims—her Title IX claims, on which they assert she lacks the grounds to intervene because Defendants can adequately represent her interests, and her constitutional claims, on which they likewise ask the Court to deny intervention because Jane's constitutional interests will not be impaired absent intervention.  (Doc. 24 at 6-7.)

Defendants' framing of the intervention-as-of-right standard misses the mark.  In ruling on Rule 24(a) motions, courts generally analyze the *interests* of the proposed intervenor, not the proposed intervenor's causes of action.  *See Jones v. Prince George's Cnty., Md.*, 348 F.3d 1014, 1018 (D.C. Cir. 2003) ("As the Rule's plain text indicates, intervenors of right need only an 'interest' in the litigation—not a 'cause of action' or 'permission to sue.'"); *Grutter*, 188 F.3d at 399 (rejecting the notion that an intervenor does not have a "significant legal interest" absent a

4

"legally enforceable right").  Here, Jane asserts multiple causes of action to vindicate her single interest in being treated in a non-discriminatory manner by her school.  *See Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) (granting students' motion to intervene in a desegregation case and acknowledging that students and their parents have "a sufficient interest in eliminating segregation in the schools to satisfy" the Rule 24(a) interest requirement).  Given the Sixth Circuit's "expansive notion of the interest sufficient to invoke intervention of right," the Court finds that Jane and her guardians have a substantial legal interest in this proceeding and easily satisfy this element of the intervention-as-of-right standard.  *Miller*, 103 F.3d at 1245.  Jane has a far more compelling interest in the disposition of this case than any number of potential intervenors in other cases whose injuries were "clearly indirect."  *See, e.g.*, *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983).

  Jane next argues that the denial of her motion to intervene would impair her interest because if the Court grants relief to Plaintiff, OCR would be unable to take action to redress what the Does characterize as Plaintiff's ongoing violation of Jane's rights under Title IX.  To satisfy this element of the intervention test, the Does need only show that impairment of their substantial legal interest is "possible" if intervention is denied.  *Miller*, 103 F.3d at 1247.  The Sixth Circuit has characterized this burden as "minimal."  *Id.*  Although Plaintiff does not contest that Jane's legal interest under Title IX would be impaired if the Court granted relief to Plaintiff, the School District contends that her interest in her constitutional claims would not be impaired because such claims are not before the Court in this case and she could litigate those claims in a separate proceeding.  (Doc. 24 at 1.)  But this argument is misplaced for two reasons.  First, even though a judgment on the Title IX claim in this suit would not be preclusive of Jane's constitutional claims in future separate litigation, a showing of preclusion is not required for a finding of

impairment.  See *Ne. Ohio Coal. For Homeless and Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007-08 (6th Cir. 2006) (finding that an "adverse ruling could hinder the [proposed intervenor's] ability to litigate the validity of the [law at issue] and acknowledging that "potential *stare decisis* effects can be a sufficient basis for finding an impairment of interest")  Here, an adverse ruling to Defendants could have a detrimental effect not only on Jane's Title IX claims, as Plaintiff admits, but also on her constitutional claims because the Court's ruling on the Title IX claims in this lawsuit could influence ruling on subsequent constitutional challenges, even if not squarely controlling them.  Second, given that Plaintiff has filed, and Jane intends to file, a motion for preliminary injunction, the Court finds that the "time-sensitive nature" of this case is a "factor in [the] intervention analysis."  *Id.* at 1008 (citing *Ams. United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990)).  The Court finds that the impairment of the Does' interest is, at the very least, possible if Plaintiff prevails in this litigation.

Finally, the Does have shown that their interests would not be adequately represented by existing parties in this suit.  Both Plaintiff and Defendants argue that Defendants are able to represent Jane more than adequately in their defense of the Title IX claim, and the Does admit as much. (Doc. 15 at 8.)  But the Does also contend, and Defendants do not dispute, that they will not advance the related claims Jane wishes to pursue nor all of the remedies she seeks.  (*Id.*; Doc. 25 at 1.)  A proposed intervenor's burden on this element is minimal because she need only show "that there is a *potential* for inadequate representation."  *Grutter*, 188 F.3d at 400-01.  It "may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments."  *Id.* (quoting *Miller*, 103 F.3d at 1247).  Moreover, as the Does point out in their reply brief, Jane seeks "damages on her Title IX claim and injunctive

relief that is specific to her circumstances." (Doc. 26 at 6.) Defendants have not argued that they can adequately represent those interests. (*See* Doc. 25 at 1.) *See Ne. Ohio Coal. For Homeless*, 467 F.3d at 1008 (rejecting plaintiffs' argument that the Secretary of State of Ohio could adequately represent the Attorney General because they did not have "the same ultimate objective" given that the Secretary's primary interest is in ensuring the smooth administration of elections and the state's interest was in defending the validity of Ohio laws). *Cf. Students and Parents for Privacy v. United States Dep't of Educ.*, No. 16 C 4945, 2016 WL 3269001, at *2 (N.D. Ill. June 15, 2016) (finding that proposed intervenors, transgender students who did not seek to advance any additional constitutional claims, did not satisfy the fourth prong of the Rule 24(a) test because the federal government could adequately represent their interests in defending against a Title IX claim).

Because the Does have advanced a compelling argument that Defendants will not advance Jane's interests as to her constitutional claims and the injunctive relief and damages she seeks, the Court finds that the fourth element of the intervention-as-of-right test is satisfied. The Court **GRANTS** the motion to intervene under Rule 24(a).

### B. Rule 24(b) Intervention

Additionally, the Court has discretion under Federal Rule of Civil Procedure 24(b) to permit intervention. Rule 24(b)(1) provides that on timely motion, a court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

Permissive intervention is improper when it would cause undue delay or prejudice to the original parties. Fed. R. Civ. P. 24(b)(3). The decision to grant a Rule 24(b) motion for permissive

7

intervention is committed to the sound discretion of the district court. *Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985).

Although the Court has already granted the motion under Rule 24(a), the Court also finds that, in the alternative, permissive intervention is appropriate here. Jane's claims undoubtedly share common legal and factual questions with Plaintiff's claims in this case. Moreover, Jane's intervention in this suit promotes judicial economy. It would be inefficient for the parties to litigate, and the Court to adjudicate, Jane's claims in a separate action since both actions would involve many of the same facts and legal issues.

Plaintiff argues that permissive intervention is unwarranted because the Does would introduce "fact-intensive claims," including disputes about Jane's medical records, into a case that presents pure questions of law. (Doc. 24 at 9.) But in a similar case in the Northern District of Illinois where a group of transgender students moved to intervene in a suit by a parent organization against the United States Department of Education seeking enjoinment of the same Title IX provisions at issue here, a court permitted the students to intervene under Rule 24(b), finding that the students "easily satisfy th[e] standard" of Rule 24(b). *Students and Parents for Privacy*, 2016 WL 3269001, at *3. The court found no prejudice to the existing parties in the suit, rejecting essentially the same argument that Plaintiff makes here, that intervention would "dramatically change the focus of th[e] case" because the movants would "undoubtedly begin submitting reports from psychologists, therapists and doctors for [the movants] describing the various treatments they receive for gender dysphoria," which would necessitate additional discovery. *Id.* The court noted that even if the plaintiff were correct on this point, "[i]ntervention may make this case more complex, but not *unnecessarily* complex," and any increase in complexity was outweighed by the benefits to judicial economy of warding off

8

additional suits and addressing the relevant issues with finality. *Id.* Here, too, the Court concludes that intervention would not unduly prejudice Plaintiff and would allow disposition of the case in the most efficient manner.

Therefore, in the alternative, the Court **GRANTS** the Does' motion to intervene under Rule 24(b).

### III.     MOTION TO PROCEED PSEUDONYMOUSLY

Movants ask the Court for leave to proceed pseudonymously due to the "highly sensitive and private nature of the facts involved, the psychological harm [Jane] would experience if those highly sensitive facts were made public, as well as the risk of retaliation she and her family face if her identity is made public. (Doc. 16 at 1-2.) Neither Plaintiff nor Defendants take any position on the motion but because some courts have found that a granting of an unopposed motion to litigate anonymously without an accompanying explanation is improper, the Court will set forth its reasons for granting the motion. *See, e.g.*, *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

As a general matter, litigating under a pseudonym is disfavored, *see* Fed. R. Civ. P. 10(a), but under Federal Rule of Civil Procedure 5.2(a), unless a court orders otherwise, a filing that contains "the name of an individual known to be a minor . . . may include only" the minor's initials. In this case, because a filing with Jane's initials and her legal guardians' full names would make her easily identifiable, Jane and her legal guardians ask the Court for the added privacy of proceeding pseudonymously.

The decision to grant such a motion is within the sound discretion of the district court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has cited the following four

9

factors that trial courts must weigh to determine whether to grant a motion to proceed pseudonymously:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). All factors but the third weigh in favor of granting the Does' motion.

It is undisputed that Jane is a minor and that in intervening in this the suit she seeks to challenge a policy of the School District, a governmental entity. Children are especially entitled to privacy particularly when they have previously recounted retaliation or harassment. *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 723-24 (7th Cir. 2011), *reh'g en banc granted and vacated but analysis adopted in relevant part by* 687 F.3d 840 (7th Cir. 2012).

Additionally, many courts have found Jane's circumstances to be the kind in which a plaintiff would be required to disclose information "of the utmost intimacy" throughout the course of litigation. One court recently allowed a transgender minor to proceed pseudonymously. *See Doe v. United States*, 16-CV-0640, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016). In addition, some courts have allowed non-minor transgender plaintiffs to proceed anonymously due to the social stigma associated with their gender identity. *See, e.g.*, *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 72-73 (D.R.I. 1992). Courts have also allowed minors with sensitive mental health histories to proceed anonymously. *See Mich. Prot. & Advocacy Serv., Inc. v. Caruso*, No. 5:05-cv-128, 2006 WL 958496, at *2 (W.D. Mich. Apr. 10, 2006).

Finding compelling reasons to protect Jane's privacy and shield her from discrimination and harassment, and no apparent prejudice to the other parties in this suit,[3] the Court **GRANTS** the Does' Motion to Proceed Pseudonymously.

### IV. STATE OF OHIO'S MOTION TO FILE AN AMICUS BRIEF

The State of Ohio seeks to file an amicus curiae brief in support of the School District's motion for preliminary injunction. (Doc. 11.) Leave to participate as amicus curiae is a "privilege within the sound discretion of the courts." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citation omitted). Courts considering whether to accept the submission of an amicus curiae brief consider whether the information offered by the amicus "is timely, useful, or otherwise necessary to the administration of justice." *Id.* Granting leave to appear as an amicus is appropriate when a party has "an important interest and a valuable perspective on the issues presented." *United States v. City of Columbus*, No. 2:99-cv-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000) (quotation marks and citations omitted).

The State of Ohio asserts that it has a strong interest in the operation of local public schools in Ohio. (Doc. 11 at 2.) None of the parties opposes the State's motion. Agreeing that the state has an interest in the proceedings, the Court **GRANTS** the Motion for Leave to File an Amicus Curiae Brief.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Intervene (Doc. 15); **GRANTS** the Motion to Proceed Pseudonymously (Doc. 16); and **GRANTS** the Motion for

---

[3] There is no question that the parties in this suit already know Jane's true identity—Plaintiff because she is a student in the School District and Defendants because she filed a complaint with OCR before this litigation commenced.

Leave to File an Amicus Curiae Brief (Doc. 11).  All Parties are **DIRECTED** to **FILE UNDER SEAL** or **REDACT** any documents that identify Jane, Joyce, or John Doe.

**IT IS SO ORDERED.**

                                            **   s/ Algenon L. Marbley         **
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED:  August 15, 2016**