IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF THE HIGHLAND LOCAL SCHOOL DISTRICT, | : : : : |
| Plaintiff, | : : |
| v. | : Case No. 2:16-CV-524 : : JUDGE ALGENON L. MARBLEY |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | : : : Magistrate Judge Jolson |
| Defendants. | : : : : |
| JANE DOE, a minor, by and through her legal guardians JOYCE and JOHN DOE | : : : |
| Intervenor Third-Party Plaintiff, | : : |
| v. | : : |
| BOARD OF EDUCATION OF THE HIGHLAND LOCAL SCHOOL DISTRICT, *et al.*, | : : : : |
| Third-Party Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on the September 30, 2016 Motion to Stay Preliminary Injunction Pending Appeal ("Motion to Stay") of Third-Party Defendants Board of Education of the Highland Local School District, Shawn Winkelfoos, and William Dodds (collectively, "Highland"). (Doc. 102.)

For the reasons that follow, the Court **DENIES** Highland's Motion to Stay.

1

## I.  BACKGROUND

This case centers on the efforts of an eleven-year-old transgender girl to use the girls' restroom at Highland Elementary School.  The case began with Highland asking this Court to enjoin the Department of Education ("DOE") and the Department of Justice from enforcing Title IX's antidiscrimination provisions based on the school district's policy of segregating student bathrooms by biological sex.  (Doc. 10 at 1-3.)  The Court granted Jane Doe's motion to intervene (Docs. 15, 29), and Jane Doe subsequently filed her own motion for a preliminary injunction (Docs. 35-36) to require Highland to "treat her as a girl and treat her the same as other girls, including using her female name and female pronouns and permitting Jane to use the same restroom as other girls at Highland Elementary School during the coming school year."  (Doc. 36 at 2.)

Following extensive briefing and oral argument, the Court issued its Opinion & Order ("Order") denying Highland's motion and granting Jane Doe's motion.  (Order, Doc. 95.)  The Order requires Highland "to treat Jane Doe as the girl she is, including referring to her by female pronouns and her female name and allowing her to use the girls' restroom at Highland Elementary School."  (Doc. 95 at 43.)

Four days later, Highland filed its Motion to Stay the Court's preliminary injunction pending its appeal of the Order.  (Doc. 103.)  Jane Doe responded to the Motion to Stay on October 12, 2016.  (Doc. 106.)  Because Highland has not sought to file a reply brief (*see* Doc. 104), the motion is now ripe for review.

## II.  ANALYSIS

Federal Rule of Appellate Procedure 8(a) governs stays or injunctions pending appeal. Fed. R. App. P. 8(a).  In determining whether to grant a stay of a preliminary injunction pending appeal, the Court must assess "the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction."  *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  These factors, which the Court recently and exhaustively analyzed in its Order, are: (1) the likelihood that Highland will prevail on the merits of its appeal; (2) the likelihood that Highland will be irreparably harmed absent a stay; (3) the likelihood that others would be harmed if the Court grants the stay; and (4) the public interest in granting the stay.  *Id.*  As explained below, Highland has failed to meet its burden in justifying the granting of a stay.

### A.  Highland Has Not Established a Likelihood of Success on the Merits of its Appeal

Highland contends that it is likely to succeed on the merits of its appeal of Jane's Title IX and Equal Protection claims.  Regarding Title IX, Highland argues that the Sixth Circuit is likely to find that Title IX unambiguously defines "sex," which will cause it to reject this Court's deference to the DOE's interpretation of the term under *Auer v. Robbins*, 519 U.S. 452 (1997). (Doc. 103 at 2, 6-8.)  This unambiguous definition, Highland maintains, is that "sex" is binary (male or female), and "defined in relationship to reproductive role."  (*Id.* at 1-5.)  As for Jane's Equal Protection claim, Highland argues that heightened scrutiny does not apply (*id.* at 8-14),[1] and Highland's policy consequently survives rational basis review.  (*Id.* at 14-15.)  The Court already considered and rejected each of these arguments in its Order.

---

[1] To the extent heightened scrutiny applies, Highland rehashes its prior arguments by directing the Court to eight pages of its opposition to Ms. Doe's motion for preliminary injunction.  (Doc. 103 at 15.)

3

<u>1.  This Court Found that *Jane Doe*, not Highland, Has Established a Likelihood of Success on the Merits of her Title IX Claim</u>

In its Order, the Court analyzed whether to defer to the DOE under *Auer v. Robbins*, 519 U.S. 452 (1997), which "requires courts to give controlling weight to an agency's interpretation of its own regulation provided that the regulation is ambiguous and the agency's interpretation is not plainly erroneous or inconsistent with the regulation," unless "there is reason to suspect that the agency's interpretation does not reflect the agency's fair and considered judgment on the matter in question."  (Order at 22, 28-29, internal quotations and citations omitted).

Under this analysis, this Court first found the term "sex," as used in Title IX and its implementing regulations, to be ambiguous.  (*Id.* at 29.)  Neither Title IX nor its regulations define "sex" or provide guidance on determining a transgender person's sex for purposes of access to sex-segregated facilities.  (*Id.* at 21, 24.)  Contrary to Highland's assertion, statutory references to "father-son or mother-daughter activities" do not help the Court define "son" or "daughter," and both males and females may be excluded from a "pregnant-only" class.  (*See* Doc. 103 at 2.)  The Court already examined conflicting dictionary definitions contemporaneous with Title IX's enactment (Order at 23); Highland's continued discussion of those definitions (Doc. 103 at 4) does not convince the Court that it erred.

As stated in the Order, two decisions from recent federal appeals courts (including the Sixth Circuit) provided further support for this Court's analysis of the ambiguity of the term "sex" in Title IX.  First, the Fourth Circuit very recently found the term "sex" in Title IX to be ambiguous.  (Order at 24-25, citing *G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 720 (4th Cir. 2016).)  Second, the Sixth Circuit allowed an analogous Title VII claim to move forward based on "discrimination because of … gender non-conformity."  (Order at 25, quoting *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004).)

After finding Title IX to be ambiguous, the Court found the DOE's interpretation of "sex" not to be "clearly erroneous or inconsistent with Title IX implementing regulations." (Order at 28.) Thus, the Court properly gave *Auer* deference to the DOE's interpretation of Title IX. Highland's argument that "*Auer* deference may be on its last leg" (Doc. 103 at 7) does not permit this Court to deviate from Supreme Court precedent. As the Supreme Court reminded litigants and lower courts alike just last week, "[i]t is [*that*] Court's prerogative alone to overrule one of its precedents." *Bosse v. Oklahoma*, No. 15-9173, 2016 WL 5888333, at *1 (Oct. 11, 2016) (per curiam) (quotation omitted) (summarily reversing Oklahoma Court of Criminal Appeals for finding Supreme Court precedent "*implicitly* overruled"). Supreme Court decisions "remain binding precedent" until that Court "see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Id.* (quotation omitted). Jane Doe, therefore, and not Highland, is likely to succeed on the merits of her Title IX claim. (Order at 20-30.)

2. This Court Found that *Jane Doe*, not Highland, Has Established a Likelihood of Success on the Merits of her Equal Protection Claim

In addition to finding Jane Doe likely to succeed on her Title IX claim, the Court also found her likely to succeed on her Equal Protection claim. (Order at 30-41.) The Court found heightened scrutiny to apply, both under Sixth Circuit precedent and under the Court's own examination of the four-factor test for determining the "quasi-suspect" status of a class. (*Id.* at 31-35.) The Court determined that Highland's policy did not survive heightened scrutiny because the policy was not substantially related to Highland's interests in protecting the safety and privacy of its students. (*Id.* at 35-40.) To close the loop, the Court found that Highland's classification did not even meet "rational basis" review (*id.* at 40-41), as Highland reasserts in its

Motion to Stay.  (Doc. 103, at 14-18.)  For these reasons, the Court finds that Highland has not established a likelihood of success on the merits of Jane's Equal Protection claim on appeal.

### B.  Highland Will not Suffer Irreparable Harm Absent a Stay

Highland asserts that it will suffer irreparable harm absent a stay.  (Doc. 103 at 16-18.) To evaluate the harm that will occur depending on whether a stay is granted, the Court must assess: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided."  *Griepentrog*, 945 F.2d at 154 (internal citation omitted). To be irreparable, "the harm alleged must be both certain and immediate, rather than speculative or theoretical."  *Id.*  To "substantiate" its claim of irreparable injury, Highland must "provide some evidence that the harm has occurred in the past and is likely to occur again."  *Id.* (internal citation omitted).  Highland has failed to do so.

Highland claims that this Court's order "strips Highland of its authority to enact policies that promote the privacy and safety of all students."  (Doc. 103 at 16.)  Highland complains that, following the Court's Order, "Principal Winkelfoos personally received inquiries from over 20 parents of elementary school students, all of whom stressed their concern for students' privacy rights and disapproval of the court's order."  (*Id.* at 17.)  Concerns about liability, and the logistical difficulty in "accommodate[ing] requests for more than 20 students to use single-user restrooms[,]" Highland claims, constitute irreparable harm.  (*Id.* at 17-18.)

Highland's "authority to enact policies that promote the privacy and safety of all students" is untouched by this Court's Order.  Highland's policymaking ability has always been bound by a panoply of laws, regulations, and the United States Constitution.  The Order simply requires Highland to obey the law.

Furthermore, the Court already found "no merit in [Highland's] argument that other students would be harmed by allowing Jane to use the bathroom consistent with her gender identity, as other students already do." (Order at 42.)  The inquiries Highland received following the Court's Order notably *also* followed Highland's voicemail to parents calling attention to Jane's status, stating Highland's legal position, and inviting comments from parents.  (Dec. of Joyce Doe, Doc. 106-1, at 2.)  Highland may not manufacture its own irreparable harm.  *Med-Care Diabetic & Med. Supplies, Inc. v. Strategic Health All. II, Inc.*, No. 2:14-CV-082, 2014 WL 325663, at *5 (S.D. Ohio Jan. 29, 2014) (holding that self-inflicted harm does not constitute irreparable harm).  Regardless, the district's decision to accommodate student requests to use a single-user restroom (Doc. 103 at 16-17), and its fears of exposure to lawsuits from parents, do not constitute irreparable harm.  *See Griepentrog*, 945 F.2d at 154 ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" to be considered irreparable harm.)

### C. The Balance of Equities and the Public Interest Favor the Injunction

Highland's arguments that Jane would not be harmed by a stay pending appeal are recycled from its motion for preliminary injunction. (Doc. 10 at 30.)  The Court already found "[t]he balance of equities [to] tip[ ] especially sharply in Jane's favor[,]" particularly "because the injunction she seeks is narrowly tailored to permit her to use the girls' restroom[.]"  (Order at 42.)

The public interest, moreover, always favors "prevent[ing] the violation of a party's constitutional rights" (Order at 42 (quoting *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079)) and "the firm enforcement of Title IX."  (*Id.* (quoting *Cohen v. Brown Univ.*, 991 F.2d 888, 906 (1st Cir. 1993)).)

7

### III.  CONCLUSION

For these reasons, the Court **DENIES** Highland's Motion to Stay.

**IT IS SO ORDERED.**

                                                     s/Algenon L. Marbley  
                                                     **ALGENON L. MARBLEY**  
                                                     **UNITED STATES DISTRICT JUDGE**

**DATED: October 20, 2016**