**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BOARD OF EDUCATION OF THE
HIGHLAND LOCAL SCHOOL DISTRICT,

       Plaintiff,

       vs.

UNITED STATES DEPARTMENT OF
EDUCATION; JOHN B. KING, JR., in his
official capacity as United States Secretary of
Education; UNITED STATES DEPARTMENT
OF JUSTICE; LORETTA E. LYNCH, in her
official capacity as United States Attorney
General; and VANITA GUPTA, in her official
capacity as Principal Deputy Assistant Attorney
General,

       Defendants.

Case No. 2:16-cv-524

Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JANE DOE, a minor, by and through her legal
guardians JOYCE and JOHN DOE,

       Intervenor Third-Party Plaintiff,

       vs.

BOARD OF EDUCATION OF THE
HIGHLAND LOCAL SCHOOL DISTRICT;
HIGHLAND LOCAL SCHOOL DISTRICT;
WILLIAM DODDS, Superintendent of Highland
Local School District; and SHAWN
WINKELFOOS, Principal of Highland
Elementary School,

       Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO STRIKE CERTAIN OF THIRD-PARTY DEFENDANTS' DEFENSES

Jane Doe respectfully submits this memorandum of law in support of her motion to strike certain defenses asserted in the Answer filed by Plaintiff/Third-Party Defendant Board of Education of the Highland Local School District and Third-Party Defendants Highland Local School District, William Dodds, and Shawn Winkelfoos (collectively, "Highland"). *See* Dkt. 115 ("Answer").

## PRELIMINARY STATEMENT

On August 15, 2016, Plaintiff Jane Doe submitted her verified Complaint-in-Intervention against Highland, alleging that Highland had violated her rights under the United States Constitution and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*. Dkt. 32. Highland filed its Answer on October 31, 2016, pleading a total of forty defenses. Under Federal Rule of Civil Procedure 12(f), Jane may move to strike any of Highland's defenses that are insufficient, redundant, immaterial, impertinent, or scandalous. Many of Highland's defenses are immaterial or lack a sufficient factual basis to be "plausible" under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which this Court has applied to defenses asserted in answers. Jane moves to strike the following defenses for failing to meet either the Rule 12(f) or the *Twombly*/*Iqbal* standards of pleading: **Two** through **Five, Seven** through **Ten, Twenty-Six** through **Thirty**, **Thirty-Two,** and **Thirty-Six** through **Forty**.

## ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that a party may move the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is within the "sound discretion of the trial court." *Yates-Mattingly v. Univ. of Cincinnati*, No. 1:11-cv-753, 2013 WL 526427, at *1 (S.D. Ohio Feb. 11, 2013) (internal citations omitted). Courts grant motions to strike when "the pleading stricken has no

1

possible relation to the controversy," *id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)), or if the defense is clearly insufficient, raises no factual issues, and will not impact the outcome of the case. *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *1 (S.D. Ohio July 26, 2013) (citations omitted).

Defenses **Two**, **Three**, **Four**, **Five**, **Seven**, **Eight**, **Ten**, **Twenty-Six**, **Thirty**, **Thirty-Two**, **Thirty-Six**, **Thirty-seven**, **Thirty-Eight**, **Thirty-Nine**, and **Forty** are immaterial or insufficient on their faces, and the Court should strike them with prejudice. Defenses **Nine**, **Twenty-Seven**, **Twenty-Nine**, and **Thirty-five** fail to set forth sufficient factual allegations to render them plausible and should be dismissed without prejudice so that Highland can attempt to assert the requisite factual support, if it exists. These two categories are discussed in turn below.

## I. Certain Defenses Are Insufficient as a Matter of Law

The first category of defenses Jane moves to strike are those that are mere boilerplate defenses that do not fit the facts of the case and as such are facially "without merit." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 835 (E.D. Mich. 2015). None of these defenses can "succeed under any circumstances," *Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1050 (W.D. Tenn. 2011), and the Court should strike them with prejudice.

Defense **Two** alleges that Jane's "claims want for jurisdiction over the subject matter." Answer ¶ 115. There is no doubt that this Court has subject matter jurisdiction over Jane's claims; Jane only alleges federal question claims. This defense is thus insufficient.

Defense **Three** alleges that Jane's "claims want for jurisdiction over Defendants." *Id*. ¶ 116. All of the Defendants have waived this defense by submitting to the personal jurisdiction of

this Court by filing multiple briefs on the merits of Jane's motion for a preliminary injunction. *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011) (holding that defendants waive a personal jurisdiction defense where the defendant gives "[P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.") (citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). This defense is thus without merit.

Defenses **Four** and **Five** allege that Jane's claims want for sufficiency of process and sufficiency of service of process. Answer ¶¶ 117-118. Defendants have waived these defenses by "[p]articipating in the litigation prior to asserting [the] defense[s]," specifically by filing multiple submissions on Jane's motion for a preliminary injunction. *Zeigler v. Beers*, 412 F. Supp. 2d 746, 751 (N.D. Ohio 2005) (citations omitted). *See also Craters & Freighters v. Daisychain Enters.*, No. 09-04531 CW, 2010 WL 761310, at *4 (N.D. Cal. Mar. 2, 2010) ("Through their conduct, Defendants have forfeited their defense of insufficient service of process. As noted above, they opposed Plaintiff's motion for a preliminary injunction on two occasions."). Therefore, this defense cannot succeed under any circumstances.

Defense **Seven** alleges that Jane has "failed to exhaust her administrative remedies." Answer ¶ 120. None of the claims Jane has brought require administrative exhaustion; this defense is thus irrelevant.

Defense **Eight** alleges that Jane has "failed to join an indispensable and/or necessary party to this action, pursuant to Fed. R. Civ. P. 19 and failed to plead any reason for such non-joinder." *Id*. ¶ 121. Jane has, in fact, joined all necessary parties in this action. Highland has not

identified other parties that ought to have been joined, and cannot do so; this defense is thus insufficient.

Defense **Ten** alleges that Jane "cannot establish a prima facie case under 42 U.S.C. § 1983." *Id.* ¶ 123. However, this Court has already twice ruled that Jane is likely to succeed on the merits of her Fourteenth Amendment claim, brought pursuant to 42 U.S.C. § 1983. *See* Dkt. 95, Dkt. 109. The Court has already held that this defense is meritless, and it should therefore be struck.

Defense **Twenty-Six** alleges that "Superintendent Dodds and Principal Winkelfoos have been sued in their respective official capacities." Answer ¶ 139. It is not even clear that this statement is a defense at all, but to the extent the Court interprets it as one, it is redundant: it merely supports the conclusory statement made in defense number **Twenty-Five**. It is not a separate defense as it makes no new or additional allegation.

Defense **Thirty** alleges that Jane's "claims are barred in whole, or in part, by the doctrines of laches." *Id.* ¶ 143. In permitting Jane to intervene, the Court already held that Jane joined this case without unreasonable delay. *See* Dkt. 29 at 3 n.2 (holding Jane's intervention was timely). Moreover, it was entirely reasonable for Jane to wait until the completion of the federal government's investigation into Highland before bringing suit. It became clear that a consensual resolution of Jane's claims was impossible only once Highland filed this lawsuit. As a result, Highland cannot establish a laches defense.

Defense **Thirty-Two** alleges that "[t]he injuries and damages alleged by Plaintiff were the result of Plaintiff's comparative and/or contributory negligence." Answer ¶ 145. This defense is plainly without merit; Jane's complaint does not bring negligence claims, but instead constitutional and statutory claims to which such a defense does not apply. *See, e.g., McHugh v.*

*Olympia Entm't., Inc.*, 37 F. App'x 730, 736 (6th  Cir. 2002) ("Comparative negligence, however, does not apply to damages for federal constitutional rights violations.") (citing *Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991) and *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979)).  Further, it is not a legally cognizable defense that an eleven-year-old girl contributed to the violation of her constitutional or statutory rights, or contributed to Highland's hostile school environment.

Defense **Thirty-Six** alleges that "[a]ttorney fees cannot be asserted against Defendants." Answer ¶ 149.  This claim is patently false and should be struck.

Defense **Thirty-Seven** alleges that "[p]unitive damages cannot be asserted against Defendants." *Id*. ¶ 150.  This defense is entirely irrelevant, as Jane has not requested punitive damages.

Defense **Thirty-Eight** alleges that "[c]osts cannot be asserted against Defendants."  *Id*. ¶ 151.  This claim is patently false and should be struck.

Defense **Thirty-Nine** alleges that the "Complaint is not properly verified."  *Id*. ¶ 152.  It was not necessary for Jane's Complaint to be verified; thus this defense is irrelevant.  In any event, Joyce Doe has signed a verified Complaint under her real name, which Jane will produce to the Court, if the Court so orders.

Defense **Forty** alleges that Highland "reserve[s] the right to assert defenses, affirmative or otherwise, not specifically asserted herein."  *Id.* ¶ 153.  This defense is plainly insufficient and entirely without merit because this Court, along with many others, has found such a defense to be a "legal nullity."  *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-0767, 2015 WL 1022031, at *4 (S.D. Ohio Feb. 19, 2015) (discussing, *e.g.*, *Tamarkin v. Valu Mgmt. Co.*, No. 4:13cv2652, 2014 WL 4354388, at *3 (N.D. Ohio Sept. 2, 2014); *Wells v. Farmers All. Mut. Ins. Co.*, No. 2:07-

CV-00036 ERW, 2009 WL 1259977, at *7 (E.D. Mo. May 4, 2009); *United States v. Global*

*Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D.Cal.

May 15, 2008); *Messick v. Patrol Helicopters, Inc.*, No. CV 07–039–BU–CSO, 2007 WL

2484957 at *4 (D. Mont. Aug. 29, 2007)).

     Because none of the above defenses meet the most basic of pleading standards for

sufficiency or, in certain cases, even relevancy, each should be struck.

## II.    Certain Defenses Do Not Meet the *Iqbal/Twombly* Standard and Must Be Struck

     This Court requires affirmative defenses to meet the heightened pleading standard set out

in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In *Edizer v. Muskingum Univ.*, this Court first applied *Iqbal* and *Twombly* to affirmative

defenses, finding that an affirmative defense must "provide sufficient notice to the other side that

some plausible, factual basis exists for the assertion."  No. 2:11–CV–799, 2012 WL 4499030, at

*11 (S.D. Ohio Sept. 28, 2012) (quoting *Nixson v. Health All.*, No. 1:10–CV–00338, 2010 WL

5230867, at *2 (S.D. Ohio Dec. 16, 2010)); *see also, Peters*, 2015 WL 1022031, at *4.

     Under the heightened pleading standard, a party must provide "enough facts" to show

that the defense is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at

678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  Courts in the Sixth Circuit have struck defenses that are "bare-bone

conclusion[s] that make[] no sense in light of" the facts, and where the "boilerplate defense does

not fit the admitted facts in the pleadings and is not plausible." *HCRI TRS Acquirer, LLC v.*

*Iwer*, 708 F. Supp. 2d 687, 692 (N.D. Ohio 2010).

     Highland's defenses, almost without exception, fail this standard.  Highland has provided

no factual matter to support its defenses; in certain cases, Highland has not even listed "the

elements of a cause of action," referring simply to a doctrine, apparently expecting Jane to discern from this "threadbare recital" enough information to support her case without wasting exorbitant time and resources. *Iqbal*, 556 U.S. at 678. By this motion, Jane seeks to strike the defenses that fail to provide enough factual support to demonstrate that they are plausible.[1]

All of the defenses listed below are "bare-bone conclusion[s]" or boilerplate defenses that do "not fit the admitted facts in the pleadings." *HCRI TRS Acquirer*, 708 F. Supp. 2d at 692 (N.D. Ohio 2010). Further, none of these defenses list any factual matter whatsoever, and therefore do not provide sufficient factual allegations to establish that the defense is "plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, Jane moves to strike the following defenses, which are quoted in their entirety:

- **Ninth Defense**: "Plaintiff's claims are barred in whole, or in part, under the statute of limitations." Answer ¶ 122.

- **Twenty-Seventh Defense**: "Highland Local School District is not a legal entity capable of being sued."[2] *Id.* ¶ 140.

- **Twenty-Ninth Defense**: "Plaintiff's claims are barred in whole, or in part, by the doctrine of estoppel." *Id.* ¶ 142.

---

[1] Additionally, if the Court were to find that any of the defenses discussed in Section I could not be struck with prejudice for their facial insufficiency, each of those defenses should similarly be struck without prejudice. Like the defenses discussed in this Section, all of those defenses also fail to meet the pleading standard under *Twombly* and *Iqbal*.

[2] In her Complaint-in-Intervention, Jane alleged that the School District is an education corporation and association in Morrow County, Ohio, existing pursuant to Section 3311 of the Revised Code of the State of Ohio. Dkt. 32 ¶ 9. The School District is therefore a "person" within the meaning of 42 U.S.C. § 1983. *Id.* Highland has identified no facts in its Answer to demonstrate that Jane is wrong.

- **Thirty-Fifth Defense**: "Defendants are entitled to the benefits of statutory immunity from liability as provided in Chapter 2744 of the Ohio Revised Code." *Id.* ¶ 148.

## CONCLUSION

For the foregoing reasons, Jane moves that the Court STRIKE all of the above-listed defenses in Highland's answer.

Dated:  November 21, 2016

Respectfully submitted,

By: _s/ John Harrison_____
     John Harrison (OH Bar No. 0065286)
     Linda Gorczynski* (OH Bar No. 0070607)
     HICKMAN & LOWDER, L.P.A.
     1300 East 9th Street, Suite 1020
     Cleveland, OH  44199
     (216) 861-0360 (tel.)
     (216) 861-3113 (fax)
     JHarrison@Hickman-Lowder.com
     LGorczynski@Hickman-Lowder.com

     Jyotin Hamid*
     Joseph Weissman*
     Derek Wikstrom*
     Jennifer Mintz*
     DEBEVOISE & PLIMPTON LLP
     919 Third Avenue
     New York, New York  10022
     (212) 909-6000 (tel.)
     (212) 909-6836 (fax)
     jhamid@debevoise.com
     jweissman@debevoise.com
     dwikstrom@debevoise.com
     jfmintz@debevoise.com

     Christopher Stoll*
     Asaf Orr*
     NATIONAL CENTER FOR LESBIAN RIGHTS
     870 Market Street, Suite 370
     San Francisco, California  94102
     (415) 392-6257 (tel.)
     (415) 392-8442 (fax)
     cstoll@nclrights.org
     aorr@nclrights.org

     *Attorneys for JANE DOE*

     *admitted pro hac vice

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument via the Court's CM/ECF filing system.

s/ John Harrison _____
John Harrison
