IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **JANE DOE, a minor, by and through her** | : | |
| **legal guardians JOYCE and JOHN DOE** | : | Case No. 2:16-CV-524 |
| | : | |
| Intervenor Third-Party Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| v. | : | Magistrate Judge Jolson |
| | : | |
| **BOARD OF EDUCATION OF THE** | : | |
| **HIGHLAND LOCAL SCHOOL** | : | |
| **DISTRICT**, *et al.*, | : | |
| | : | |
| Third-Party Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on Intervenor Jane Doe's Motion to Strike Certain Defenses from the Answer of Third-Party Defendants Board of Education of the Highland Local School District, Shawn Winkelfoos, and William Dodds (collectively, "Highland") (Doc. 119.) For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Doe's Motion to Strike Highland's Affirmative Defenses. (Doc. 119.) In particular, the Court **STRIKES with prejudice** affirmative defenses 10, 36-38, and 40 and **STRIKES without prejudice** affirmative defenses 2-5, 7-9, 26-29, 30, 32, 35, and 39.

### I. BACKGROUND

This case centers on the efforts of an eleven-year-old transgender girl to use the girls' restroom at Highland Elementary School. The case began with Highland asking this Court to enjoin the Department of Education ("DOE") and the Department of Justice ("DOJ") from enforcing Title IX's antidiscrimination provisions based on the school district's policy of segregating student bathrooms by biological sex. (Doc. 10 at 1-3.) The Court granted Jane Doe's motion to intervene (Docs. 15, 29), and Jane Doe filed her intervenor third party

1

complaint, in which she alleges violations of the United States Constitution (Fourteenth Amendment and Right to Privacy), and Title IX of the Education Amendments of 1972. (Doc. 32.) Doe subsequently filed her own motion for a preliminary injunction, seeking to require Highland to "treat her as a girl and treat her the same as other girls, including using her female name and female pronouns and permitting Jane to use the same restroom as other girls at Highland Elementary School during the coming school year." (Doc. 36 at 2.)

Following extensive briefing and oral argument, on September 26, 2016, the Court denied Highland's motion for preliminary injunction against the DOE and DOJ and granted Jane Doe's motion for preliminary injunction against Highland. (Doc. 95.) Highland appealed, and dozens of states and the District of Columbia weighed in via amicus briefs. (Docs. 99, 100.)

Highland answered Doe's complaint on October 31, 2016, (Doc. 115), and Doe moved to strike certain of Highland's affirmative defenses on November 21, 2016. (Doc. 116.) Highland replied to Doe's motion to strike on December 27, 2016, (Doc. 127), and this motion is now ripe for review.

Meanwhile, in late December 2016, the parties stipulated, (Doc. 126), and the Court adopted the parties' stipulation, (Doc. 129), to stay this case until the conclusion of the Sixth Circuit appeal of the Court's preliminary injunction order. Following a change in political administration and the new administration's revocation of DOE/DOJ guidance documents relating to transgender students, the parties agreed to dismiss the appeal. (Doc. 130.) Highland then dismissed the DOE and DOJ from the case before this Court. (Doc. 131.) Doe's case against Highland remains, however, and the Court now addresses Doe's motion to strike certain of Highland's affirmative defenses. (Doc. 119.)

## II. STANDARD OF REVIEW

The Court, upon motion or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are entrusted to the "sound discretion of the trial court, but are generally disfavored." *Yates-Mattingly v. University of Cincinnati*, No. 1:11–cv–753, 2013 WL 526427, at *1 (S.D. Ohio Feb. 11, 2013). Indeed, "[s]triking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953)). The Court should grant a motion to strike "only when the pleading stricken has no possible relation to the controversy." *Id.* Indeed, the Court should not grant a motion to strike if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Joe Hand Promotions, Inc. v. Havens*, 2:13–cv–0093, 2013 WL 3876176, at *1 (S.D. Ohio July 26, 2013) (internal quotation omitted).

On the other hand, "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case.'" *Id.* (internal quotations omitted). If an affirmative defense is "insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances," then a motion to strike is proper. *Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002). An affirmative defense that is insufficient as a matter of law may be stricken with prejudice. *See id.* at *3; *Stein v. Chubb Custom Ins. Co.*, No. 15-cv-23690, 2016 WL 8716500, at *2 (S.D. Fla. Mar. 29, 2016) ("an affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense.")

In addition, district courts are split as to whether the pleading standard articulated in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) apply to affirmative defenses, and the Sixth Circuit has not weighed in. *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) (We therefore have no occasion to address, and express no view regarding, the impact of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), on affirmative defenses."); *Peters v. Credit Protection Ass'n LP*, No. 2:13–CV–0767, 2015 WL 1022031, at *2 (S.D. Ohio Feb. 19, 2015) (acknowledging split among district courts and applying *Twombly/Iqbal* standards to affirmative defenses); *Chiancone v. City of Akron*, No. 5:11-CV-337, 2011 U.S. Dist. LEXIS 108444, at *10 (N.D. Ohio Sep. 23, 2011) (acknowledging split among district courts and declining to apply *Twombly/Iqbal* standards to affirmative defenses). Under the *Twombly/Iqbal* standard, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Id.* (citing *Twombly*, 550 U.S. at 555).

In *Peters v. Credit Protection Association LP*, and *Edizer v. Muskingum University*, this Court has made clear that it agrees with the reasoning of the district courts applying *Twombly/Iqbal* to affirmative defenses. *Peters*, No. 2:13–CV–0767, 2015 WL 1022031, at *4 (S.D. Ohio Feb. 19, 2015); *Edizer*, No. 2:11–CV–799, 2012 WL 4499030, at *11–12 (S.D. Ohio Sept. 28, 2012). Therefore, because the Sixth Circuit has not weighed in with a contrary opinion,

the Court holds that Highland's affirmative defenses must meet the "plausibility" pleading standards contained in *Twombly* and *Iqbal*.

## III. ANALYSIS

Jane Doe seeks to strike Highland's affirmative defenses 2–5, 7–8, 10, 26, 30, 32, and 36–40 on the grounds that they are immaterial or insufficient on their faces. She seeks to strike affirmative defenses 9, 27–29, and 35 on the grounds that they fail to meet the plausibility standards laid out in *Twombly* and *Iqbal*.[1] The Court will address the latter first.

### A. Affirmative Defenses 9, 27–29, and 35

Doe contends that Affirmative Defenses 9, 27-29, and 35 fail to set forth the factual allegations necessary to meet the plausibility requirements of *Twombly/Iqbal*. (Doc. 119-1 at 2, 6-8.) Because these affirmative defenses are "'bare-bones conclusion[s]' or "boilerplate defenses that do 'not fit the admitted facts in the pleadings,'" Doe argues that they should be dismissed without prejudice so that Highland can attempt to meet the pleading requirements. (*Id.*)

Highland argues that *Twombly* and *Iqbal* do not apply to affirmative defenses, and seeks support in the Sixth Circuit's opinion in *Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009). This argument is ill-conceived, however, because this Court has already rejected *Montgomery's* applicability to affirmative defenses, *Peters*, 2015 WL 1022031, at *4, and the Sixth Circuit itself has acknowledged that it has not reached the question of whether affirmative defenses are subject to the standards in *Twombly* and *Iqbal*. *Herrera*, 680 F.3d at 547 n.6 (We therefore have no occasion to address, and express no view regarding, the impact of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), on affirmative defenses.").

---

[1] Doe does not attack affirmative defenses 1, 6, 11-25, 31, or 33-34.

Highland's Affirmative Defenses 9, 27-29, and 35 read as follows:

**NINTH DEFENSE**
122. Plaintiff's claims are barred in whole, or in part, under the statute of limitations.

**TWENTY-SEVENTH DEFENSE**
140. Highland Local School District is not a legal entity capable of being sued.

**TWENTY-EIGHTH DEFENSE**
141. Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands.

**TWENTY-NINTH DEFENSE**
142. Plaintiff's claims are barred in whole, or in part, by the doctrine of estoppel.

**THIRTY-FIFTH DEFENSE**
148. Defendants are entitled to the benefits of statutory immunity from liability as provided in Chapter 2744 of the Ohio Revised Code.

These affirmative defenses contain no facts whatsoever, and therefore do not meet the plausibility standards laid out in *Twombly* and *Iqbal.* The Court therefore **STRIKES** without prejudice Highland's affirmative defenses 9, 27-29, and 35. *See Nixson v. The Health Alliance*, No. 10-cv-338, 2010 WL 5230867, *3 (S.D. Ohio Dec. 16, 2010) (striking without prejudice Defendants' affirmative defenses for failure to meet the *Twombly/Iqbal* pleading requirements.) As the Court in *Nixson* made clear, "the Court does not require [Highland] to specify all conduct or facts giving rise to each defense. However, the defenses must contain sufficient factual allegations from which the Court can plausibly infer the existence of a legitimate defense." *Id.* In their current state, they do not contain any factual allegations. Highland's attempt to add facts in its response brief is unavailing—the proper vehicle for Highland to add factual support to its affirmative defenses is in a motion to amend its pleading.

## B. Affirmative Defenses 2–5, 7–8, 10, 26, 30, 32, 36–40

Doe argues that Affirmative Defenses 2–5, 7–8, 10, 26, 30, 32, and 36–40 are immaterial or insufficient on their faces, and she requests that the Court should strike them with prejudice. (Doc. 119-1 at 2.) According to Doe, these affirmative defenses are "mere boilerplate," and "facially without merit" because they cannot "succeed under any circumstances." (*Id.* at 2.)

The affirmative defenses that Doe seeks to strike with prejudice are as follows:

**SECOND DEFENSE**
115. Plaintiff's claims want for jurisdiction over the subject matter.

**THIRD DEFENSE**
116. Plaintiff's claims want for jurisdiction over Defendants.

**FOURTH DEFENSE**
117. Plaintiff's claims want for sufficiency of process.

**FIFTH DEFENSE**
118. Plaintiff's claims want for sufficiency of service of process.

**SEVENTH DEFENSE**
120. Plaintiff failed to exhaust her administrative remedies.

**EIGHTH DEFENSE**
121. Plaintiff has failed to join an indispensable and/or necessary party to this action, pursuant to FED. R. CIV. P. 19 and failed to plead any reason for such non-joinder.

**TENTH DEFENSE**
123. Plaintiff cannot establish a prima facie case under 42 U.S.C. § 1983.

**TWENTY-SIXTH DEFENSE**
139. Superintendent Dodds and Principal Winkelfoos have been sued in their respective official capacities.

**THIRTIETH DEFENSE**
143. Plaintiff's claims are barred in whole, or in part, by the doctrines of laches.

**THIRTY-SECOND DEFENSE**
145. The injuries and damages alleged by Plaintiff were the result of Plaintiff's comparative and/or contributory negligence.

**THIRTY-SIXTH DEFENSE**
149. Attorney fees cannot be asserted against Defendants.

**THIRTY-SEVENTH DEFENSE**
150. Punitive damages cannot be asserted against Defendants.

**THIRTY-EIGHTH DEFENSE**
151. Costs cannot be asserted against Defendants.

**THIRTY-NINTH DEFENSE**
152. The Complaint is not properly verified.

**FORTIETH DEFENSE**
153. Defendants reserve the right to assert defenses, affirmative or otherwise, not specifically asserted herein.

As discussed in section II, *supra*, striking affirmative defenses is a drastic remedy; striking them with prejudice is necessary only when a defense is insufficient as a matter of law. With the exception of Affirmative Defenses 10, 36-38, and 40, "the insufficiency of the defense[s] [are] not clearly apparent, or [] [they] raise[] factual issues that should be determined on a hearing on the merits." *Joe Hand Promotions, Inc.*, 2013 WL 3876176, at *1. This is so because Highland did not develop the defenses such that the Court can evaluate their plausibility—they are, with the exception of Affirmative Defense 26, legal conclusions with no factual bases. And Affirmative Defense 26 is a factual conclusion with no legal basis. Therefore, the Court declines to strike with prejudice affirmative defenses 2–5, 7–8, 26, 30, 32, or 39. On the other hand, for the reasons stated in Section III(A), *supra*, the information deficiencies require the Court to strike them without prejudice for failure to meet the *Twombly/Iqbal* plausibility standard.

By contrast, the Court will strike Affirmative Defenses 10, 36-38, and 40 with prejudice because the insufficiency of these defenses is "clearly apparent." *Joe Hand Promotions, Inc.*, 2013 WL 3876176, at *1. Affirmative Defenses 10, 36, and 38 ("Plaintiff cannot establish a prima facie case under 42 U.S.C. § 1983"; "Attorney fees cannot be asserted against Defendants;" "costs cannot be asserted against Defendants") are not affirmative defenses. The elements of

8

Doe's prima facie case, including her damages, are already in issue through Doe's complaint. *See*, *e.g.*, *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio*, No. C87–7734, 1990 WL 264716, at *9 (N.D. Ohio Dec. 14, 1990) (striking "affirmative defenses" that attack Plaintiff's prima facie case and damages); *Whirlpool Properties, Inc. v. LG Electronics U.S.A., Inc.*, No. 1:03–CV–414, 2005 WL 3088339, at *23 (W.D. Mich. Nov. 17, 2005) (striking "affirmative defenses" that attack Plaintiff's prima facie case); *Chowning v. Kohl's Dept. Stores, Inc.*, No. CV 15–08673, 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016) ("An affirmative defense absolves a defendant of liability 'even where the plaintiff has stated a prima facie case for recovery.' . . . . An attack on a plaintiff's case-in-chief is not an affirmative defense."). Affirmative Defense 37 ("Punitive damages cannot be asserted against Defendants") has no bearing on Plaintiff's claims because Plaintiff does not seek punitive damages. Finally, Affirmative Defense 40 ("Defendants reserve the right to assert defenses, affirmative or otherwise, not specifically asserted herein") is "improper because reserving the right to an affirmative defense is a legal nullity." *Peters*, 2015 WL 1022031, at *4.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Doe's Motion to Strike Highland's Affirmative Defenses. (Doc. 119.) The Court **STRIKES with prejudice** affirmative defenses 10, 36-38, and 40 and **STRIKES without prejudice** affirmative defenses 2-5, 7-9, 26-29, 30, 32, 35, and 39.

**IT IS SO ORDERED.**

                                             s/Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: August 21, 2017**